**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| RIGOBERTO MATA, JR., ) | |
| ID # 35080-079, ) | |
| Movant, ) | |
| vs. ) | No. 3:11-CV-1365-D-BH |
| ) | No. 3:08-CR-0267-D (15) |
| UNITED STATES OF AMERICA, ) | |
| Respondent. ) | Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to Special Order 3-251, this case has been automatically referred for findings, conclusions, and recommendation. Based on the relevant filings applicable law, the motion should be denied.

**I. BACKGROUND**

Federal inmate Rigoberto Mata, Jr., (Movant) filed a *Motion to Vacate, Set Aside, or Correct Sentence* (Mot.) under 28 U.S.C. § 2255 challenging his federal conviction and sentence in Cause No. 3:08-CR-0267-D. The respondent is the United States of America (Government).

**A.    Factual and Procedural History**

On September 3, 2008, Movant was charged by indictment with conspiracy to possess with intent to distribute and distribution of a controlled substance in violation of 21 U.S.C. § 846 (count one), and with money laundering in violation of 18 U.S.C. § 1956 (count two) (*See* doc. 1).[1] He pled not guilty and was tried before a jury on June 22-25, 2009. The jury acquitted him on count one but found him guilty on count two. (*See* doc. 486). After a sentencing hearing on September 25, 2009, he was sentenced to 235 months confinement, to be followed by three years supervised release. *Id*. The Fifth Circuit affirmed movant's conviction and sentence in an unpublished opinion

---

[1]   All document numbers refer to the docket number assigned in the underlying criminal action.

on January 27, 2011. *United States v. Mata*, 409 Fed. Appx. 740 (5th Cir. Jan. 27, 2011). Movant did not file a petition for writ of certiorari with the Supreme Court.

At evidence at trial showed that the Drug Enforcement Agency (DEA) was investigating a drug trafficking organization in 2008. During the investigation, agents observed movant and Mark McAleer (a runner for the organization) in a truck yard in Dallas, Texas, on August 26, 2008. (R. 1B:33; 2:48-49, 85-87). The DEA recorded telephone calls between movant and Hector Rodriguez (the head of the organization) in which Rodriguez directed Mata to the truck yard to meet with another man, as well as calls between Rodriguez and McAleer directing McAleer to deliver suitcases of cash to the truck yard. The DEA also recorded Rodriguez calling movant and confirming that he received the delivery from McAleer. (R. 1B:38; 2:97-98, 101-04). Agents followed movant while he drove the tractor-trailer south of Dallas and stopped him in Laredo, Texas. After he gave consent to search, agents discovered more than one million dollars in the trailer in two duffel bags and one suitcase, as well as marijuana in vacuum-sealed bags. (R. 2:105-06, 142-47).

**B.    Substantive Claims**

Movant filed his motion to vacate and supporting memorandum ("Mem.") on June 21, 2011. In his motion and memorandum, he asserts the following claims:

(1) movant is "actually innocent" of money laundering under *Santos v. United States*, 128 S.Ct. 2020 (2008); and

(2) trial counsel was ineffective for failing to:

–request and obtain exculpatory evidence prior to trial;

–file a Rule 29 motion for judgment of acquittal;

–know current law regarding *Santos*;

–object to the jury instructions concerning the money laundering charge; and

> –object to the trial court converting money to equivalent amount of cocaine for consideration at sentencing.

(*See* Mot. at 5; Mem. at 1-4). The Government filed a response brief on August 19, 2011. (*See* Resp. Opp'n Mot. ("Resp.")). Movant filed a reply brief on September 27, 2011.

## II. SCOPE OF RELIEF AVAILABLE UNDER § 2255

"Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996) (citations and internal quotation marks omitted). It is well established that "a collateral challenge may not do service for an appeal." *United States v. Shaid*, 937 F.2d 228, 231 (5th Cir. 1991) (*en banc*) (quoting *United States v. Frady*, 456 U.S. 152, 165 (1982)).

A failure to raise a claim on direct appeal may procedurally bar an individual from raising the claim on collateral review. *United States v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001). Defendants may only collaterally attack their convictions on grounds of error omitted from their direct appeals upon showing "cause" for the omission and "actual prejudice" resulting from the asserted error. *Shaid*, 937 F.2d at 232. However, "there is no procedural default for failure to raise an ineffective-assistance claim on direct appeal" because "requiring a criminal defendant to bring [such] claims on direct appeal does not promote the[] objectives" of the procedural default doctrine, "to conserve judicial resources and to respect the law's important interest in the finality of judgments." *Massaro v. United States*, 538 U.S. 500, 503-04 (2003). The Government may also waive the procedural bar defense. *Willis*, 273 F.3d at 597.

## III. ACTUAL INNOCENCE

In his first ground for relief, movant asserts that he is actually innocent of the crime of

3

money laundering under *United States v. Santos*, 553 U.S. 507 (2008). *Santos*, which predated the movant's indictment, involved a defendant who had been convicted of money laundering related to an illegal gambling operation. The Supreme Court held that the term "proceeds" in the money laundering statute that prohibits knowingly conducting a financial transaction that involves the proceeds of a specified unlawful activity refers to "profits," not "receipts," as that statute applies to illegal gambling activities. *Id*. at 512-24. Here, movant contends that he is actually innocent of money laundering because the government failed to prove that the money found in his trailer was the profit from an illegal activity, and as a result, the jury was given an incorrect jury instruction regarding the definition of "proceeds." (Mem. at 2-3.)[2]

Contrary to movant's argument, the Fifth Circuit has clarified that because *Santos* was a plurality opinion, the concurring opinion in *Santos* authored by Justice Stevens is the controlling law. *See Wilson v. Roy*, 643 F.3d 433, 436 (5th Cir. 2011). Justice Stevens specifically noted that according to legislative history, the term "proceeds" was intended to include gross revenues in cases involving the sale of contraband. Wilson was therefore not actually innocent of money laundering because he had been convicted of laundering the proceeds of the sale of illegal drugs. *Id*. at 437. Likewise, because movant was convicted of money laundering the proceeds of the sale of illegal drugs, *Santos* does not call his conviction into question.

Movant attempts to distinguish his case from *Wilson* by contending that he did not know that cash was contained in the bags discovered in the trailer he was driving and or where the cash came from. (Reply at 6). However, the jury was specifically instructed that, in order to convict movant, the government had to prove beyond a reasonable doubt that movant knowingly conducted or

---

[2] The jury was instructed that "'proceeds' includes any property, or any interest in property, that someone acquires or retains as a result of the commission of the underlying specified unlawful activity." (doc. 432 at 17).

4

attempted to conduct a financial transaction, that the cash involved in the transaction was the proceeds of unlawful possession with intent to distribute cocaine, and that movant knew that the cash was the proceeds of a felony. (doc. 432 at 16). By finding movant guilty of money laundering, the jury found that the government had proven these elements beyond a reasonable doubt. While movant disagrees with his conviction, he has not shown that he is actually innocent of money laundering. He is, in essence, arguing that the evidence is insufficient to support his conviction. The Fifth Circuit determined on direct appeal that the evidence is sufficient to support movant's conviction, *Mata*, 409 Fed. Appx. at 742. His first ground for relief should be denied.

## IV. INEFFECTIVE ASSISTANCE OF COUNSEL

Movant asserts that his trial attorney provided ineffective assistance of counsel.

The Sixth Amendment to the United States Constitution provides in relevant part that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." U.S. Const. art. VI. The Sixth Amendment guarantees a criminal defendant the effective assistance of counsel, both at trial and on appeal. *Strickland v. Washington*, 466 U.S. 668 (1984); *Evitts v. Lucey*, 469 U.S. 387, 396 (1985). To successfully state a claim of ineffective assistance of counsel, the prisoner must demonstrate that counsel's performance was deficient and that the deficient performance prejudiced his or her defense. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). A failure to establish either prong of the *Strickland* test requires a finding that counsel's performance was constitutionally effective. *See* 466 U.S. at 696. The Court may address the prongs in any order. *Smith v. Robbins*, 528 U.S. 259, 286 n.14 (2000).

In determining whether counsel's performance is deficient, courts "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable assistance." *Strickland*,

466 U.S. at 689. "The reasonableness of counsel's actions may be determined or substantially influenced by the defendant's own statements or actions." *Id.* at 691. To establish prejudice, a movant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694; *Williams v. Taylor*, 529 U.S. 362, 393 n.17 (2000) (inquiry focuses on whether counsel's deficient performance rendered the result of the trial unreliable or the proceeding fundamentally unfair). Reviewing courts must consider the totality of the evidence before the finder of fact in assessing whether the result would likely have been different absent counsel's alleged errors. *Strickland*, 466 U.S. at 695-96.

To show prejudice in the sentencing context, the movant must demonstrate that the alleged deficiency of counsel created a reasonable probability that his sentence would have been less harsh. *See Glover v. United States*, 531 U.S. 198, 200 (2001) (holding "that if an increased prison term did flow from an error [of counsel] the petitioner has established *Strickland* prejudice"). One cannot satisfy the second prong of *Strickland* with mere speculation and conjecture. *Bradford v. Whitley*, 953 F.2d 1008, 1012 (5th Cir. 1992). Conclusory allegations are insufficient to obtain relief under § 2255. *United States v. Woods*, 870 F.2d 285, 288 n.3 (5th Cir. 1989); *United States v. Daniels*, 12 F. Supp. 2d 568, 575-76 (N.D. Tex. 1998); *see also Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000) (holding that "conclusory allegations of ineffective assistance of counsel do not raise a constitutional issue in a federal habeas proceeding").

**A.  Failure to Seek and Obtain Exculpatory Evidence**

Movant first claims that his trial attorney was ineffective for failing to seek and obtain exculpatory evidence, as defined by *Brady v. Maryland*, 373 U.S. (1963). He contends that Mark

6

McAleer made statements showing that movant was not involved in drug activity. (Mem. at 3-4). He also claims McAleer gave statements to the prosecutors and federal agents that he did not know movant and that movant did not know that there was cash in the bags, how much cash there was, or where it came from. Movant also alleges that Fort Worth police officer Johnny Sosa gave false testimony at trial when he testified about movant's role in the drug trafficking organization. (Reply at 7-8). This claim appears to be directed to Sosa's testimony that movant was dealing directly with individuals in Dallas within the drug trafficking organization. (R. 3:22-23).

Other than his own bare assertions, movant has presented no evidence that either McAleer or Sosa made exculpatory statements regarding movant.[3] Conclusory allegations of ineffective assistance of counsel are insufficient to obtain relief under § 2255. *United States v. Woods*, 870 F.2d at 288 n.3; *United States v. Daniels*, 12 F. Supp. 2d at 575-76; *Miller v. Johnson*, 200 F.3d at 282. Movant has therefore failed to establish either that the prosecution failed to disclose exculpatory evidence or that his attorney failed to obtain this evidence. This claim is without merit.

**B. *Santos* claims**

Movant next contends that his trial attorney was ineffective for failing to move for acquittal under Rule 29 of the Federal Rules of Criminal Procedure based on *Santos*; for failing to understand the holding in *Santos*, and for failing to object to the jury instructions with respect to the money laundering charge on the basis that they were flawed under *Santos*. (Mem. at 4; Reply at 11-13). As discussed, the Supreme Court's holding in *Santos* does not call into question movant's conviction

---

[3] Movant asserts that the PSR contains evidence that Sosa lied at trial because Sosa stated to the probation officer that there was no "direct evidence" that movant knew that the money was proceeds from drug trafficking. (Reply at 8). This is not an exculpatory statement. Movant's conviction was based on circumstantial evidence, including telephone conversations with a high ranking member of the drug organization and his possession of over one million dollars in a trailer afer having been observed meeting with another member of the organization and driving from Dallas towards Mexico with the money.

7

for money laundering. Accordingly, movant can show no prejudice from trial court's failure to move for acquittal, for any alleged failure to understand *Santos*, or for the failure to object to the jury instructions on this basis. These claims are without merit.

## C. Failure to Object to Conversion of Money to Equivalent Amount of Cocaine

Finally, movant asserts that his attorney was ineffective at the sentencing stage of his trial for failing to object to the trial court converting the money found in movant's trailer to an equivalent amount of cocaine in determining the appropriate sentencing guideline. (Mem. at 4; Reply at 13-14). At sentencing, the district court found that the government had proven by a preponderance of the evidence that movant had aided and abetted the distribution of cocaine, and that this would be considered relevant conduct for sentencing purposes. (doc. 513 at 5-9). The court then calculated the base offense level by converting the amount of money seized into an equivalent amount of cocaine, using $20,000 per kilogram of cocaine as the conversion amount. *Id.* at 10-12. Trial counsel did not object to this conversion.

Movant has failed to show any prejudice because he has failed to show that his attorney's objection would have been sustained, or that he would have prevailed on direct appeal. Movant raised this same issue on direct appeal, and the Fifth Circuit specifically held that the district court did not err in finding that relevant conduct had been proven by a preponderance of the evidence or in assigning a base offense level based on the amount of cocaine equivalent to the currency movant transported. *Mata*, 409 Fed. Appx. at 742-43. This claim is without merit.

Movant's ineffective assistance of counsel claims are without merit and should be denied.

## V. EVIDENTIARY HEARING

Upon review of the motion to vacate and the files and records of this case, an evidentiary

8

hearing appears unnecessary. No evidentiary hearing is required when "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. Here, the record conclusively shows that movant is entitled to no relief.

## VI. RECOMMENDATION

The *Motion to Vacate, Set Aside, or Correct Sentence* pursuant to 28 U.S.C. § 2255 should be **DENIED** with prejudice.

**SIGNED this 2nd day of December, 2011.**

*/s/ Irma Carrillo Ramirez*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*/s/ Irma Carrillo Ramirez*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE